IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

---

THE STATE OF ARIZONA,
*Appellee,*


*v.*


RUSTY JAMES DRISCOLL,
*Appellant.*


No. 2 CA-CR 2014-0086
Filed November 6, 2015

---

Appeal from the Superior Court in Pima County
No. CR20124099002
The Honorable Richard D. Nichols, Judge
The Honorable Paul E. Tang, Judge

**AFFIRMED**

---

COUNSEL

Mark Brnovich, Arizona Attorney General
Joseph T. Maziarz, Section Chief Counsel, Phoenix
By David A. Sullivan, Assistant Attorney General, Tucson
*Counsel for Appellee*

Barton & Storts, P.C., Tucson
By Brick P. Storts, III
*Counsel for Appellant*

**OPINION**

Judge Howard authored the opinion of the Court, in which Presiding Judge Vásquez and Judge Brammer[1] concurred.

H O W A R D, Judge:

**¶1** After a jury trial, appellant Rusty Driscoll was convicted of possession of a dangerous drug and possession of drug paraphernalia and sentenced to concurrent, presumptive prison terms, the longer of which is ten years. On appeal, Driscoll challenged his convictions and sentences, contending the search of his person and vehicle and his arrest were illegal and the same jury that rendered guilty verdicts should have decided aggravating factors. This court affirmed his convictions and sentences. *State v. Driscoll*, No. 2 CA-CR 2014-0086, ¶ 17 (memorandum decision filed Feb. 9, 2015). The supreme court thereafter vacated our memorandum decision and directed us to review this case in light of *Rodriguez v. United States*, ___ U.S. ___, 135 S. Ct. 1609 (2015), which concluded that a traffic stop cannot be extended to allow a dog sniff. Having done so, we again affirm Driscoll's convictions and sentences.

**Factual and Procedural Background**

**¶2** Because our substantive review is limited to the effect of *Rodriguez* on this case, we review only the facts relevant to the motion to suppress. In reviewing the trial court's ruling, "we consider only the evidence presented at the suppression hearing and view the facts in the light most favorable to sustaining the . . . ruling." *State v. Gonzalez*, 235 Ariz. 212, ¶ 2, 330 P.3d 969, 970 (App. 2014). "We review a denial of a motion to suppress for an abuse of discretion, but review constitutional issues de novo." *Id.* ¶ 7.

---

[1]The Hon. J. William Brammer, Jr., a retired judge of this court, is called back to active duty to serve on this case pursuant to orders of this court and our supreme court.

¶3        In October 2012, an Arizona Department of Public Safety officer observed Driscoll driving a pickup truck with a malfunctioning license plate light at approximately 2:40 a.m. and initiated a traffic stop.   While writing a repair order for the malfunctioning light, the officer casually conversed with Driscoll about where he was going and what he was doing.   Based on Driscoll's evasive answers, the officer began to suspect that Driscoll was engaged in criminal activity.

¶4        After issuing Driscoll the repair order, the officer's certified canine conducted a "sniff" of the truck, and alerted to the presence of narcotics.   The officer searched the truck and found, among other things, a glass pipe, a two- to three-inch drinking straw, and a stolen handgun.   After arresting Driscoll, the officer searched him and discovered a bag of methamphetamine in the waistband of his pants.

¶5        The state charged Driscoll with the two drug counts described above.[2]   Before trial, Driscoll moved to suppress the evidence obtained during the traffic stop; the trial court denied the motion after an evidentiary hearing.   A jury subsequently found Driscoll guilty of the two drug offenses and, after a second jury found aggravating circumstances, he was sentenced as noted above.

¶6        On appeal, Driscoll argued the trial court erred by denying his motion to suppress and by allowing a different jury to determine aggravating factors.   With respect to the former, we concluded he had waived any issue concerning the length of his detention by the officer because he had failed to "cite any facts in the record or relevant legal authority to support [his] assertions." *Driscoll*, No. 2 CA-CR 2014-0086, ¶ 7; *see also* Ariz. R. Crim. P. 31.13(c)(1)(vi) (arguments "shall contain . . . citations to the authorities, statutes and parts of the record relied on"); *State v.*

---

[2] Driscoll also initially was charged with possession of a deadly weapon by a prohibited possessor.   On the first day of trial, the parties and the court agreed the prohibited-possessor count would be severed and tried separately.   A jury ultimately found Driscoll not guilty of that charge.

*Bolton*, 182 Ariz. 290, 298, 896 P.2d 830, 838 (1995) (failure to argue issue on appeal waives review of issue). We further concluded he had forfeited and waived any argument concerning lack of probable cause for the search of the vehicle and his arrest. *Driscoll*, No. 2 CA-CR 2014-0086, ¶ 8. Additionally, we determined he had failed to establish any constitutional violation in the search incident to arrest. *Id.* ¶ 10. We also approved of the trial court using a second jury to determine aggravating factors. *Id.* ¶ 16. Accordingly, we affirmed his convictions and sentences. *Id.* ¶ 17.

**¶7** Driscoll then petitioned the supreme court for review of our decision. It granted review only as to the suppression issue presented in his petition,[3] vacated our decision, remanded the case to this court, and directed us to reconsider our decision in light of *Rodriguez*. In that case, the United States Supreme Court determined that law enforcement officers may not extend an otherwise-completed traffic stop, absent reasonable suspicion, in order to conduct a dog sniff. ___ U.S. at ___, 135 S. Ct. at 1614. We requested supplemental briefs from the parties on the following issues:

> a. How, absent waiver, the holding and reasoning from *Rodriguez* should apply to this case; and,
> b. If the rule in *Rodriguez* was violated under the facts of this case, whether that requires suppression of the evidence here, in light of *Davis v. United States*, ___ U.S. ___, 131 S. Ct. 2419 (2011).

We address each issue in turn.[4]

---

[3]Accordingly, and in order to avoid any confusion, we re-affirm our decision concerning the second jury determining aggravating factors.

[4]We also requested briefing on the waiver issue. After reviewing the briefing, we conclude that Driscoll waived any issue concerning the length of the stop. However, in deference to the

## Application of *Rodriguez*

**¶8**          In *Rodriguez*, the United States Supreme Court held that law enforcement officers may not "extend an otherwise-completed traffic stop, absent reasonable suspicion, in order to conduct a dog sniff."  ___ U.S. at ___, 135 S. Ct. at 1614, 1616.  As Driscoll points out, the Court noted that a dog sniff "is not an ordinary incident of a traffic stop" and cannot be "fairly characterized as part of the officer's traffic mission."  *Id.* at ___, 135 S. Ct. at 1615.

**¶9**          Driscoll argues the arresting officer here did not have reasonable suspicion to detain him beyond the issuance of the repair warning.  He contends the officer had completed the repair order when he removed Driscoll's passenger from the vehicle and conducted the dog sniff.  The trial court found that, although "there was not an undue detention of the defendant," "the officer did not have independent grounds to justify searching the vehicle other than the sniff performed by the K9."  The state agrees that had Driscoll properly argued his *Rodriguez* claim, he likely would have prevailed.

**¶10**          Based on the facts developed at the suppression hearing, the officer had written the repair order and completed the traffic stop prior to conducting the dog sniff.  Thus, in order to effect the dog sniff, the officer extended the stop absent reasonable suspicion.  Accordingly, under *Rodriguez* the additional detention was unconstitutional.  *Rodriguez*, ___ U.S. at ___, 135 S. Ct. at 1615-16.

## Suppression of the Evidence

**¶11**          The state, however, argues that, under *Davis v. United States*, 564 U.S. ___, 131 S. Ct. 2419 (2011), the evidence should not be suppressed even if the stop was extended unconstitutionally.  In *Davis*, the United States Supreme Court stated the sole purpose of the exclusionary rule was to deter Fourth Amendment violations.  564 U.S. at ___, 131 S. Ct. at 2426.  It noted: "[W]e have 'never applied' the exclusionary rule to suppress evidence obtained as a

___

supreme court's order, we also review the merits of the *Rodriguez* issue.

result of nonculpable, innocent police conduct."  *Id.* at ___, 131 S. Ct. at 2429, *quoting Herring v. United States*, 555 U.S. 135, 144 (2009). Relying on *Herring* and *Hudson v. Michigan*, 547 U.S. 586 (2006), two influential cases on exclusion, the Court wrote "[o]ur cases hold that society must swallow th[e] bitter pill [of exclusion] when necessary, but only as a 'last resort.'  For exclusion to be appropriate, the deterrence benefits of suppression must outweigh its heavy costs." *Davis,* 564 U.S. at ___, 131 S. Ct. at 2427 (internal citations omitted), *quoting Hudson v. Michigan*, 547 U.S. 586, 591 (2006).  Based on these principles, the Supreme Court stated that the absence of police misconduct dooms an exclusionary claim and held that "[e]vidence obtained during a search conducted in reasonable reliance on binding precedent is not subject to the exclusionary rule."  *Id.* at ___, 131 S. Ct. at 2429.

**¶12**        The state claims the additional detention that occurred here was both minimal and permissible under previous precedent, citing *State v. Box*, 205 Ariz. 492, ¶¶ 16-24, 73 P.3d 623, 628-30 (App. 2003).  In *Box*, this court concluded a detention that briefly extended beyond what was necessary for the purposes of a traffic stop, in order to conduct a dog sniff, was minimally intrusive and did not violate the constitution.  *Id.* ¶ 20.  The state notes that other courts had reached the same conclusion.  *See Illinois v. Caballes*, 543 U.S. 405, 408-09 (2005) (holding reasonably conducted dog sniff "would not change the character of a traffic stop . . . unless the dog sniff itself infringed respondent's constitutionally protected interest in privacy"); *United States v. Suitt*, 569 F.3d 867, 870-72 (8th Cir. 2009) (dog sniff constitutional when traffic stop not prolonged unreasonably); *People v. Thomas*, 24 N.E.3d 1, 6-7 (Ill. App. Ct. 2014) (dog sniff constitutional when performed during lawful traffic stop not prolonged unreasonably); *State v. Sellars*, 730 S.E.2d 208, 212-13 (N.C. Ct. App. 2012) (holding *Caballes* de minimis rule applies in North Carolina), *overruled as recognized by State v. Warren*, 775 S.E.2d 362, 365 (N.C. 2015) (expressly noting *Rodriguez* overruled *Caballes* de minimis rule ).

**¶13**        Further, the trial court specifically cited *Box* as controlling precedent justifying the dog sniff in its order denying suppression.  Pursuant to *Box*, the court found "the dog sniff lasted

only a few minutes; there was no unduly lengthy detention of the defendant; the officer did not physically or manually restrain the defendant; and the officer did not have to call or wait for back up units to assist."

**¶14**        Considering *Davis,* the sole issue here is whether the officer reasonably relied on precedent in extending the stop for the purpose of the dog sniff.   Driscoll asserts *Davis* is factually distinguishable, apparently focusing on the fact *Davis* involved a search incident to arrest, which is not at issue here.[5]  But the *Davis* holding was not confined to the search incident to arrest context. Driscoll also asserts that reliance on appellate precedent was "glaringly absent in the present case."   But *Box* supported the officer's actions and this assertion fails to undermine the state's argument that the reasoning and holding in *Davis* apply equally here.   Driscoll's reliance on *Arizona v. Gant*, 556 U.S. 332 (2009) similarly misses the issue. *Gant* did not concern the applicability of the exclusionary rule.

**¶15**        Additionally, Driscoll relies on *State v. Rogers*, 186 Ariz. 508, 924 P.2d 1027 (1996), to argue that the law before *Rodriguez* did not permit the dog sniff.  In *Rogers*, our supreme court concluded the initial stop was an investigatory one and officers did not have reasonable suspicion to justify the stop.  *Id.* at 510-11, 924 P.2d at 1029-30.   It therefore concluded the evidence should have been suppressed.  *Id.* at 511, 924 P.2d at 1030.

**¶16**        *Rogers* has no application to this case.  It did not involve an extension of the detention after a legal stop.  It did not involve a dog sniff.  Therefore, *Rogers* does not support Driscoll's contention that the officer was not acting reasonably in view of prior precedent. Thus, Driscoll has failed to effectively dispute that the holding in *Davis* would prevent application of the exclusionary rule here.

---

[5]Although a search incident to arrest occurred in this case, that aspect of the traffic stop is not an issue before this court.

**Disposition**

¶17     We conclude the extension of the traffic stop to conduct a dog sniff violated the rule in *Rodriguez*.  However, because at the time of Driscoll's stop *Box* was controlling Arizona law, we conclude the officer acted reasonably in conducting a dog sniff that did not unreasonably prolong the stop.  Even Driscoll notes that *Rodriguez* broke new ground in concluding that a dog sniff conducted after a completed traffic stop unconstitutionally extended the stop.  Because *Box* allowed a de minimis extension of the stop, applying the exclusionary rule to the evidence the officer discovered would not be appropriate here.  Accordingly, we affirm Driscoll's convictions and sentences.